**Raymon and Joann LYNCH, et al., Plaintiffs,**

v.

**Peter RANK, et al., Defendants.**

**No. C–83–2340 WHO.**

United States District Court, N.D. California.

Aug. 20, 1985.

See also, 9th Cir., 763 F.2d 1098; 639 F.Supp. 69.

Daniel Brzovic, Bet Tzedek Legal Services, Los Angeles, Cal., Evelyn R. Frank, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiffs.

John K. Van de Kamp, Atty. Gen., Charlton G. Holland, Catherine M. Van Aken, San Francisco, Cal., for defendant Rank.

Joseph Russoniello, U.S. Atty., John F. Barg, Asst. U.S. Atty., N.D. Cal., San Francisco, Cal., for third party defendant Heckler.

### OPINION AND ORDER

ORRICK, District Judge.

Congress adopted the Pickle Amendment to the Social Security Act, 42 U.S.C. § 1396a (note), in order to protect the Medicaid eligibility of certain persons who had formerly received both SSI benefits and Title II benefits, but who were no longer eligible for Medicaid due to Title II cost-of-living increases. The Pickle Amendment achieves this goal by excluding Title II cost-of-living increases from countable income in the determination of Medicaid eligibility. The Secretary of Health and Human Services ("Secretary")

has now made it clear that she will instruct states to exclude from consideration only the Title II cost-of-living increases of the claimant, and not the Title II cost-of-living increases of the claimant's financially responsible family members, including an ineligible spouse. The propriety of the Secretary's instruction is the basis for these cross-motions for summary judgment. For the reasons set forth below, the Court grants plaintiffs' motion for summary judgment. Defendant's motion for summary judgment is denied.

## I.

Eligibility for SSI is based upon the income of a claimant's financially responsible spouse or family member, as well as the claimant's own income. *See* 20 C.F.R. § 416.1160. The claimant is eligible for Medicaid only if his own countable income, when added to that of his or her spouse or family member's income, is less than the current SSI benefit amount or the current SSI qualification amount. Under the Pickle Amendment, Title II cost-of-living increases received by the claimant since his or her last date of SSI eligibility are excluded from consideration in determining a claimant's income for purposes of Medicaid eligibility.

In many cases, a spouse of a Title II recipient will receive wives' or husbands' social security benefits because he or she is dependent upon the aged or disabled wage earner. 42 U.S.C. § 402(b), (c). The amount of such benefits are a certain percentage of the benefits received by the claimant. *See* 20 C.F.R. § 404.333. The result is the same for children under a certain age and dependent upon the aged or disabled wage earner. 42 U.S.C. § 402(d); 20 C.F.R. § 404.353.

When a disabled or aged wage earner receives Title II cost-of-living increases, the total amount of his benefits are increased. Because the amount of dependents' benefits paid to a dependent spouse or child is based upon a percentage of the claimant's own benefits, the total amount of the benefits that the wage earner's spouse or dependent child receives is also increased by the claimant's Title II cost-of-living increase. The question before this Court is whether the Title II cost-of-living increases received by financially responsible family members must also be excluded when determining the total income of the claimant for purposes of Medicaid eligibility.

## II.

The Pickle Amendment states:

[M]edical assistance * * * shall be provided to any individual for any month after June 1977 for which such individual is entitled to [SSI] benefits * * * if for such month such individual would be * * eligible for [SSI benefits] except for amounts of income received by such individual and his spouse (if any) which are attributable to [Title II cost of living increases] which have occurred * * * in the case of such individual, since the last month after April 1977 for which such individual was both eligible for (and received) [SSI] benefits * * * and was entitled to a monthly [Title II social security benefit] * * * and, in the case of such individual's spouse (if any), since the last such month for which such spouse was both eligible for (and received) [SSI benefits] * * * and was entitled to a monthly [Title II social security benefit].

42 U.S.C. § 1396a (note).

Under the Amendment, the Title II cost-of-living increase of a claimant's spouse will be excluded from the income of a claimant for eligibility purposes since the last month for which such spouse was both eligible for and received SSI benefits and was entitled to a monthly insurance benefit under Title II. By its terms, the Amendment applies only to those situations in which the claimant's spouse is himself or herself "Pickle eligible." The Amendment does not address the situation where the claimant's dependent spouse receives Title II benefits, but is otherwise "Pickle ineligible." Likewise, the Amendment does not address the situation of a financially responsible family member who receives Title II benefits.

Under general principles of statutory construction, where the language of a statute is unambiguous, that language is conclusive as to its meaning, absent a clearly expressed legislative intention to the contrary. *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Lynch v. Rank*, 747 F.2d 528, 532 (9th Cir.1984). However, where a statute, as here, fails to address the situation at issue so that the statute's application to a particular situation cannot be ascertained solely by reference to its language, more than just the language of the statute must be examined. An examination of Congressional intent in passing the Pickle Amendment requires the conclusion that the states must exclude not only the cost-of-living increases that the claimant himself or herself received since the last date of SSI eligibility, but also the cost-of-living increases received since that date by any ineligible family member whose income is considered in determining the claimant's eligibility for Medicaid.

Congress' express purpose in passing the Pickle Amendment was to insure that "no recipient of SSI would lose eligibility for Medicaid as the result of the operation of the cost-of-living benefit increase provision." *See* S.Rep. 94–1265, 94th Cong., 2d Sess. at 5 (1976), U.S.Code Cong. & Admin. News 1976, pp. 5997, 6001. Congress was concerned that without the Amendment, there would be cases in which a cost-of-living increase in Title II benefits would result in the loss of SSI benefits, and that although the amount of SSI case benefits lost is often small, the corresponding denial of Medicaid benefits often represents a "serious loss" to the individual affected. *Id.* The Title II cost-of-living increase provision determines both the amount of the claimant's social security benefits, and also the amount of his or her dependent spouse or child's benefits. Therefore, Congress must have intended that the cost-of-living increase paid to the claimant's dependents also be excluded in determining a claimant's Pickle eligibility.

The title of the Pickle Amendment also supports the more expansive interpretation of the Amendment. That title reads: "Preservation of Medicaid Eligibility for Individuals Who Cease to be Eligible for Supplemental Security Income Benefits on Account of Cost of Living Increases in Social Security Benefits." While a title cannot be relied upon to interpret an otherwise unambiguous statute, it can be relied upon when a statute is ambiguous. *Lynch*, 747 F.2d at 531–32.

Even if the Court had found the language of the Pickle Amendment to require that only the Title II cost-of-living increases of spouses who are themselves "Pickle eligible" are to be excluded from Medicaid eligibility determination, which it has not, the Court is not required to apply statutory language where reliance on the language would "defeat the plain purpose of the statute." *See Bob Jones University v. United States*, 461 U.S. 574, 586, 103 S.Ct. 2017, 2025, 76 L.Ed.2d 157 (1983) ("It is a well established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute."); *United States v. Rutherford*, 442 U.S. 544, 552, 99 S.Ct. 2470, 2475, 61 L.Ed.2d 68 (1979). The purpose of the Pickle Amendment is to insure that Medicaid eligibility is not jeopardized by the Title II cost-of-living increases. Reading the statute in such a limited manner as is urged by the defendant would clearly defeat this plain purpose.

■ And while an interpretation of a statute by an agency charged with its enforcement is entitled to substantial deference, *see Blum v. Beacon*, 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982), a court is the final authority on issues of statutory construction. *Tulalip Tribes of Washington v. FERC*, 732 F.2d 1451, 1454 (9th Cir.1984). Where the administrative interpretation is contrary to the language chosen by Congress, and that language is not inconsistent with the congressional purpose, a court must defer to Congress, rather than to the administrative

agency whose responsibility is merely to administer the statute. *Lynch,* 747 F.2d at 534.

### III.

█ The language of the Pickle Amendment is ambiguous in that it does not address the situation at issue before this Court: where an ineligible, but financially responsible family member's income is attributable to the claimant. The policy behind the Pickle Amendment is to insure that no recipient of SSI will lose eligibility for Medicaid as a result of the operation of Title II's cost-of-living benefit increase provision. If the cost-of-living increases received by a claimant's dependent spouse or family member, and attributed to the claimant as part of his own income, are not deducted in determining the claimant's SSI eligibility, the claimant may be ineligible for Medicaid as a direct result of the operation of the cost-of-living increase provision, an outcome in direct contradiction to Congressional intent. Therefore, the Secretary must require states to exclude not only the cost-of-living increases received by the claimant himself or herself, but also all cost-of-living increases received by any ineligible family member or spouse whose income is considered in determining the claimant's eligibility for Pickle-based Medicaid.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for summary judgment is granted.

2. Defendant's motion for summary judgment is denied.